*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA B. FORD,

        Plaintiff-Appellant,

v

CITY OF MARSHALL, BAILEY EXCAVATING, INC., LIBERTA CONSTRUCTION COMPANY, doing business as CIOFFI & SON CONSTRUCTION, and GIVE-EM A BRAKE SAFETY, LLC,

        Defendants,

and

CONSUMERS ENERGY COMPANY,

        Defendant-Appellee.

UNPUBLISHED
June 20, 2025
12:09 PM

No. 371805
Calhoun Circuit Court
LC No. 2020-000348-NO

Before: BOONSTRA, P.J., and REDFORD and MARIANI, JJ.

PER CURIAM.

Plaintiff, Debra B. Ford, appeals by right the trial court's order granting defendant Consumers Energy Company's (Consumers) renewed motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact with the moving party entitled to judgment as a matter of law). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After a full trip up and down the appellate ladder, this case now comes back before this Court for a third time. See *Ford v City of Marshall*, unpublished per curiam opinion of the Court of Appeals, issued January 13, 2022 (Docket No. 355541) (*Ford I*); *Ford v City of Marshall*, 513 Mich 913; 997 NW2d 213 (2023) (*Ford II*); *Ford v City of Marshall*, unpublished per curiam

-1-

opinion of the Court of Appeals, issued February 22, 2024 (Docket No. 355541) (*Ford III*). In *Ford I*, unpub op at 1-2, this Court described the relevant factual and procedural background as follows:

> At approximately 12:30 p.m. on May 23, 2019, plaintiff was walking on the sidewalk near a restaurant in Marshall, Michigan. At that time, the weather was clear. As plaintiff was walking, she was not looking at the ground. Eventually, plaintiff tripped over the leg of a construction barricade which caused her to fall forward and strike her right knee and face on the ground. The barricade sat parallel to a building that ran along the edge of the sidewalk such that the legs of the barricade protruded onto the sidewalk. Plaintiff did not see the legs of the barricade before she tripped, and she did not know whether she would have seen the legs of the barricade if she had been looking at the ground. Plaintiff acknowledged that the legs of the barricade were not concealed, and she did not recall seeing any shadows that obscured the legs of the barricade when she tripped and fell. A photograph taken by plaintiff's husband shortly after plaintiff tripped and fell showed that a leg of the barricade was partially obscured by a shadow.

> According to an employee of Consumers, Consumers had been involved in an ongoing project in Marshall between March 2019 and July 2019. As part of the project, Consumers dug a trench that ran along the edge of the sidewalk in order to install a gas service line. On May 23, 2019, the trench had been filled with gravel, and the sidewalk was open for pedestrian use. At that time, Consumers was waiting for a third-party contractor to remove the gravel and fill the trench with concrete. A construction barricade that was initially used to "open and close" the sidewalk was situated on the gravel. Consumers was waiting for the barricade to be picked up by employees of the company from which Consumers rented the barricade.

> Plaintiff filed suit against Consumers seeking damages under theories of negligence and nuisance. Subsequently, Consumers filed a motion for summary disposition under MCR 2.116(C)(10). Consumers argued that plaintiff's negligence claim actually sounded in premises liability and there was no genuine issue of material fact that the danger presented by the barricade was open and obvious, without special aspects that made the barricade unreasonably dangerous. Consumers also argued that plaintiff's nuisance claim was simply a restatement of her premises liability claim, and in any case, there was no genuine issue of material fact that Consumers did not create either a private or public nuisance. The trial court held a hearing in which it denied the motion for summary disposition.

In *Ford I*, this Court held that "[p]laintiff's claim sounded in premises liability rather than ordinary negligence," and further noted that Consumers did not did not dispute "that it possessed and controlled the sidewalk such that it owed plaintiff a duty to protect her from an unreasonable risk of harm caused by dangerous conditions on the land." *Id*. at 3-4. Having made these determinations in Part III.A. of its opinion, this Court held in Part III.B. that plaintiff's premises-liability claim should have been dismissed under the open-and-obvious-danger doctrine "because there was no genuine issue of material fact that the danger presented by the barricade was open and obvious" and thus that Consumers owed no duty to plaintiff as to it. *Id*. at 4-5. Accordingly,

this Court concluded that the trial court erred by denying Consumers' motion for summary disposition under MCR 2.116(C)(10). *Id.* at 5.

Plaintiff appealed that decision to the Michigan Supreme Court, raising two arguments in her application for leave: that this Court erred by concluding her claim sounded in premises liability rather than ordinary negligence, and that this Court erred by concluding summary disposition was warranted under the open-and-obvious-danger doctrine. While that application was pending, our Supreme Court released its decision in *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023), which substantially altered the open-and-obvious-danger analysis in premises-liability cases. Our Supreme Court thereafter issued an order disposing of plaintiff's application in this case. *Ford II*, 513 Mich 913. The Court vacated Part III.B. of *Ford I*, in which this Court had addressed the open-and-obvious-danger doctrine, and remanded to this Court for reconsideration in light of *Kandil-Elsayed. Id.* The Court denied leave to appeal "[i]n all other respects" because it was "not persuaded that the remaining question presented should be reviewed by th[e] Court." *Id.*

In reconsidering the open-and-obvious issue on remand, this Court explained that "[u]nder the new *Kandil-Elsayed* framework, the open and obvious nature of a condition no longer precludes the existence of a duty," and "the duty owed by Consumers" instead "turns on plaintiff's status as an invitee, licensee, or trespasser on the property"—an issue that "was not explored by the parties or trial court below." *Ford III*, unpub op at 3. In addition, under *Kandil-Elsayed*, "the fact that a condition was open and obvious" was "relevant to the element of breach" in a premises-liability claim but potentially "not dispositive." *Id.* Accordingly, this Court "affirm[ed] the trial court's denial of summary disposition with respect to plaintiff's premises-liability claim and remand[ed] for further proceedings." *Id.*

On remand in the trial court, Consumers filed a renewed motion for summary disposition under MCR 2.116(C)(10). Consumers argued that plaintiff's premises-liability claim could not survive summary disposition because there was no genuine issue of material fact that the construction barricade over which plaintiff tripped was not a dangerous condition on the land and that Consumers did not breach any duty owed to plaintiff given the open and obvious nature of the barricade. Consumers also argued that, even if there were a question of fact regarding breach, Consumers would still be entitled to summary disposition on plaintiff's claim for non-economic damages because there was no genuine issue of material fact that plaintiff was more than 50% at fault. And, in anticipation of plaintiff's "attempt to relitigate the already settled issue of whether [her] claim sounds exclusively in premises liability," Consumers argued that this Court's holding in *Ford I* on that point "was not overturned on remand and is now the law of the case."

In response, plaintiff argued that her claim could not sound in premises liability because Consumers did not possess or control the portion of the sidewalk where she fell and, as a result, she had no status as an invitee, licensee, or trespasser with respect to Consumers. Plaintiff asserted that her claim was instead one of ordinary negligence and that Consumers owed her a duty of ordinary care under that theory. According to plaintiff, Consumers breached its "duty to act as a reasonably careful Company under the circumstances that existed in this case, causing Plaintiff's injuries," and summary disposition was inappropriate because whether Consumers breached this

duty was "a question of fact for the jury to determine" rather than a question of law for the court to decide.[1]

The trial court held a hearing on Consumers' motion, at which the parties argued consistently with their briefs. The trial court thereafter issued a written opinion and order granting summary disposition to Consumers. The court found that there was no genuine issue of material fact that "the barricade over which plaintiff tripped was not a dangerous or defective condition," noting that the barricade did not "present any different[ly] than barricades that are commonly deployed at construction sites," that "plaintiff testified that there was nothing concealing the barricade," and that there was nothing "about [the barricade's] placement that created a dangerous condition." As to plaintiff's assertion that her claim did not sound in premises liability, the court explained that this Court already concluded in *Ford I* that this was a premises-liability claim and that Consumers owed a duty to plaintiff as a premises possessor—and those portions of *Ford I* were "left in place by the Supreme Court's order" in *Ford II* and by this Court's subsequent reconsideration in *Ford III*. Accordingly, the court concluded, "the law of this case dictates that this is a premises liability action in which [Consumers], as possessor and controller of the property, owed a duty to . . . plaintiff." This appeal followed.

## II. SUMMARY DISPOSITION

Plaintiff first argues that, even if it is assumed that her claim is properly understood to sound in premises liability, the trial court erred by dismissing it under MCR 2.116(C)(10). We disagree.

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Bartalsky v Osborn*, 337 Mich App 378, 382; 977 NW2d 574 (2021). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and it is "properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Cantina Enterprises II Inc v Property-Owners Ins Co*, ___ Mich App __, ___; ___ NW3d ___ (2024) (Docket No. 363105); slip op at 3-4. All evidence submitted by the parties must be viewed "in the light most favorable to the party opposing the motion," *id*. at ___; slip op at 4, and "shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion," MCR 2.116(G)(6). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *ACLU of Mich v Calhoun Co Sheriff's Office*, 509 Mich 1, 9; 983 NW2d 300 (2022) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree." *Green v Pontiac Pub Library*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363459); slip op at 7.

According to plaintiff, the trial court erred by deciding as a matter of law that the barricade at issue was not a "dangerous condition" because that determination pertained to plaintiff's comparative negligence and should have been left to a jury. We agree with the trial court, however,

---

[1] In its reply brief, Consumers reiterated the same arguments it had presented in its motion for summary disposition.

that Consumers was entitled to summary disposition on plaintiff's claim, as we fail to see a genuine issue of material fact that Consumers breached its duty to protect plaintiff from dangerous conditions on the premises in question.

"All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed*, 512 Mich at 110. In general, the threshold question of "whether the defendant owes an actionable legal duty to the plaintiff is one of law which the court decides." *Id*. at 112 (quotation marks and citations omitted). That said, "[w]here the evidence presented to a court concerning duty generates a question of fact, that question can be submitted to the jury for resolution." *Id*. at 112 n 2. In the premises-liability context, the question of duty centers around the relationship between the defendant as a premises possessor and the plaintiff as a visitor on those premises. *Id*. at 110-111. A plaintiff's status as a trespasser, licensee, or invitee on the premises dictates the level of duty owed, and protection afforded, to the plaintiff. *Id*. at 111-112.

If a plaintiff "establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty." *Id.* at 148. Whether a premises possessor breached its duty is ordinarily a question of fact for the jury, but if "the evidence presented to a court concerning breach generates no questions of fact, the issue can be decided by the judge as a matter of law." *Id*. at 112 n 2. Accordingly, "if there are no genuine issues of material fact" regarding the element of breach, "a court may properly grant summary disposition under MCR 2.116(C)(10)." *Id*. at 148 n 28.

In remanding this case to the trial court, this Court noted in *Ford III* that the trial court had not yet determined whether plaintiff was a trespasser, licensee, or invitee on the land, and thus exactly what level of care Consumers owed to plaintiff at the time of her fall. *Ford III*, unpub op at 3. On remand, the trial court did not make any express determination regarding plaintiff's specific status, but instead simply recognized—consistent with the prior appellate proceedings— that Consumers owed plaintiff a duty as a premises possessor, and then found no genuine issue of material fact that Consumers had not breached that duty. We agree with this conclusion. Even assuming plaintiff was an invitee of Consumers' at the time of her fall and was thus owed "the highest level of protection under premises liability law," *Kandil-Elsayed*, 512 Mich at 112 (quotation marks and citation omitted),[2] Consumers is entitled to judgment as a matter of law on her claim.

---

[2] Consumers does not concede this and instead maintains that plaintiff was a licensee, meaning that it had a duty only to warn her of any hidden dangers it knew or had reason to know of, if she did not know or have reason to know of them herself. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). As noted, this is a lesser duty than what is owed to an invitee and, for the reasons discussed above, Consumers would be entitled to summary disposition under either standard of care. Accordingly, like the trial court, we need not resolve plaintiff's precise status on the premises in question to determine that Consumers is entitled to judgment as a matter of law in this case.

Premises possessors have "a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Id*. at 148 (quotation marks and citation omitted). This duty of care includes not only the obligation "to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Tripp v Baker*, 346 Mich App 257, 263; 12 NW3d 45 (2023) (quotation marks and citation omitted).[3]

Plaintiff has not shown any genuine issue of material fact that Consumers breached this standard of care—namely, that it failed to protect her "from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, 512 Mich at 148 (quotation marks and citation omitted). See also *Tripp*, 346 Mich App at 266 (explaining that "[a] landowner breaches their duty when they fail to protect a visitor from dangerous conditions on the land," and so, "[a]ccordingly, a valid premises-liability claim requires a showing that (1) there is a condition on the land, and (2) the condition is dangerous"). Plaintiff submitted several photographs of the barricade and described in her deposition the barricade's exact location at the time of her fall, but consistent with the trial court's findings, nothing in the photographs or plaintiff's description suggests that the barricade was broken, defective, concealed, or placed in such a way as to create an inherently dangerous condition. Instead, the photographs and plaintiff's description indicate that plaintiff encountered a large, brightly colored construction barricade that was situated parallel and very near to a building with partial overlap on the concrete portion of the sidewalk. At the time of plaintiff's fall, it was approximately 12:30 pm on a clear and sunny day, and plaintiff admitted during her deposition that neither the barricade nor its legs were concealed at that time. Although plaintiff submitted a photograph taken sometime after her fall that depicted a partial shadow on a leg of the barricade, much of the leg is untouched by the shadow in the photograph, and plaintiff testified during her deposition that she did not recall seeing any shadows obscuring the legs of the barricade at the time of her fall. Consistent with this Court's previous determinations, all of the evidence presented indicates that plaintiff was confronted with a "typical construction barricade" when she tripped and fell, *Ford I*, unpub op at 5; *Ford III*, unpub op at 2, and plaintiff has failed to show how that barricade may have constituted a "dangerous condition" that posed an "unreasonable risk of harm" in this case or how Consumers may have breached its duty to protect her from such, *Kandil-Elsayed*, 512 Mich at 112, 148 (quotation marks and citation omitted); see also *Tripp*, 346 Mich App at 263, 266. With no genuine issue of material fact on that point, the trial court's award of summary disposition to Consumers under MCR 2.116(C)(10) was appropriate. See *Kandil-Elsayed*, 512 Mich at 112 n 2, 148 n 28.

Resisting this conclusion, plaintiff stresses that "[c]omparative negligence does not provide a basis for summary disposition," so her "alleged failure to observe the barricade would not be enough to warrant dismissing her claim." The analysis above, however, does not suggest otherwise, and plaintiff's argument skips past the deficiencies in proof on which that analysis

---

[3] While this Court's decision in *Tripp* pre-dates our Supreme Court's decision in *Kandil-Elsayed*, we do not read *Kandil-Elsayed* to disrupt or undermine the particular propositions for which *Tripp* is cited in this opinion. See, e.g., *Kandil-Elsayed*, 512 Mich at 148 (stressing that its "decision does not alter the standard of reasonable care owed to an invitee").

relies. Regardless of any measure of fault that may lie with plaintiff, there is, for the reasons discussed above, no genuine issue of material fact that Consumers did not breach the duty it owed to her; accordingly, her claim fails before the question of comparative fault is even reached. See *id*. at 121 ("[A]n analysis of comparative fault presumes that the defendant both has a duty and has breached it."); *id*. at 149 ("If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly.").

In sum, because the evidence presented fails to create a genuine issue of material fact that Consumers breached its duty to plaintiff, the trial court was correct to grant Consumers' motion for summary disposition. See *id*. at 112 n 2, 148 n 28.

## III. LAW OF THE CASE

Plaintiff next argues that, if this Court agrees with that trial court that her claim cannot survive under a theory of premises liability, then this Court should conclude that the law-of-the-case doctrine does not govern the nature of her claim. According to plaintiff, her claim sounds in ordinary negligence rather than premises liability and, because the law-of-the-case doctrine is discretionary, this Court should reevaluate the nature of her claim, recognize that it is a valid ordinary-negligence claim contrary to this Court's conclusion in *Ford I*, and remand to the trial court for further proceedings. We disagree that it would be proper for this Court to now revisit whether plaintiff's claim sounds in premises liability or ordinary negligence.

We review de novo "[w]hether the law-of-the-case doctrine was properly invoked and to what extent it applies." *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021). "The law-of-the-case doctrine is a judicially created, self-imposed restraint designed to promote consistency throughout the life of a lawsuit," and it provides that legal questions decided by an appellate court will not be decided differently in "a subsequent appeal in the same case where the facts remain materially the same." *Id*. (quotation marks and citations omitted). "Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." *Id*. (quotation marks and citation omitted). The purpose of this doctrine is to promote consistency and finality, and to avoid reconsideration of matters once they have been decided during the course of a single continuing lawsuit. *Id*. at 286-287; *Locricchio v Evening News Ass'n*, 438 Mich 84, 109; 476 NW2d 112 (1991). "[T]he doctrine applies only to issues *actually decided*, either implicitly or explicitly, in the prior appeal." *Rott*, 508 Mich at 287 (quotation marks and citation omitted).

Plaintiff is generally correct that the law-of-the-case doctrine "has been described as discretionary . . . as opposed to a limit on the power of the courts." *Duncan v Michigan*, 300 Mich App 176, 189; 832 NW2d 761 (2013). Nonetheless, it is well settled that the doctrine should be followed except under limited circumstances, such as when (1) there is a material change in the facts of the case, *id*.; (2) there is an intervening change in the law, *id*.; (3) there is a significant competing interest at stake, such as a constitutional right, requiring independent review, *Locricchio*, 438 Mich at 109-110; or (4) the court believes that "its prior decision is clearly erroneous" and would result in "a manifest injustice" if left intact, *Rott*, 508 Mich at 288 (quotation marks and citation omitted). Accordingly, "[e]ven if the prior decision was erroneous, that alone is insufficient to avoid application of the law of the case doctrine." *Duncan*, 300 Mich App at 189.

Under this authority, we fail to see grounds for not following the law-of-the-case doctrine here. There has been no material change in the facts of this case since it began, see *id*., nor is there any significant constitutional right in play requiring us to conduct an "independent review of constitutional facts," *Locricchio*, 438 Mich at 109-110. An intervening change in the law did occur when our Supreme Court released its decision in *Kandil-Elsayed* in the midst of this case. But both our Supreme Court in *Ford II*, 513 Mich 913, and this Court in *Ford III*, unpub op at 2-3, directly dealt with how this intervening change in the law affected this case, and expressly left intact this Court's prior merits determination of the issue plaintiff now seeks to revisit. See *Rott*, 508 Mich at 287. And, consistent with those previous assessments, we do not see how *Kandil-Elsayed* would itself impact whether this Court's prior determination of that particular issue was correct.

Finally, while plaintiff maintains that this Court clearly erred in its prior determination that her claim sounds solely in premises liability, she wholly fails to address—and we fail to see—how nonetheless adhering to that decision now would result in a manifest injustice in this case. See *id*. at 288. For instance, even if we were to agree with plaintiff that Consumers lacked possession and control of the premises at the relevant time and so her claim is one of ordinary negligence rather than premises liability, plaintiff's claim would still, of course, require proof of the essential elements applicable to all negligence claims, including duty and breach. See *Kandil-Elsayed*, 512 Mich at 110. Beyond broadly stating that Consumers "had a duty to use ordinary care" and "breached that duty to act as a reasonably careful Company under the circumstances that existed in this case," plaintiff has not explained—either below or on appeal—what exactly she views as the scope of Consumer's duty under the circumstances of this case or how, on the present record, our analysis of whether Consumers breached that duty might yield a different outcome than the analysis set forth above. Plaintiff, in other words, has failed to explain how the outcome of this case would be any different if her claim were treated as an ordinary-negligence claim rather than a premises-liability one, or why manifest injustice would otherwise result from declining to revisit that question now.

In sum, we see no colorable basis for disregarding the law-of-the-case doctrine here, and we thus remain bound by this Court's prior determination regarding the nature of plaintiff's claim. See *Rott*, 508 Mich at 286; *Locricchio*, 438 Mich at 109-110; *Duncan*, 300 Mich App at 189.

Affirmed.

/s/ James Robert Redford
/s/ Philip P. Mariani